**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JAMES LEWIS                                                 CIVIL ACTION

VERSUS                                                      NO. 05-571

OLD AMERICAN COUNTY                                         SECTION "B" (1)
MUTUAL INS. CO. ET AL.

## ORDER & REASONS

Before the Court is a Motion to Remand (Rec. Doc. No. 9) filed by Plaintiff, James

Lewis ("Lewis").  The Court has reviewed the pleadings, attachments, and applicable law and is

now fully advised and ready to rule.  Accordingly,

**IT IS ORDERED** that the Motion to Remand (Rec. Doc. No. 9) filed by Lewis is hereby

**DENIED**.

## *BACKGROUND*

Plaintiff, James Lewis, is a resident of the Parish of Orleans, Louisiana.  Lewis filed suit

in Civil District Court for the Parish of Orleans, Louisiana, on January 18, 2005, to recover

damages for personal injuries he sustained in a vehicular accident occurring on or about January

23, 2004, in Jefferson Parish, Louisiana.  Defendants, Jose A. Lopez and his employer, E.L.

Lopez, Jr., Inc., Old American County Medical Insurance Company ("Old American") and State

1

Medical Automobile Insurance Company ("State Medical") are not residents of Louisiana.

Defendants were timely served with a copy of the state court Petition for Damages.  Prior to filing responsive pleadings to said petition, Defendants, Old American,  E.L. Lopez, Jr., Inc., and Jose A. Lopez, filed a Notice of Removal.  Defendants filed this Notice of Removal on February 17, 2005, and they allege complete diversity of citizenship between the parties (not contested by Plaintiff) and an amount in controversy in excess of $75,000.

Plaintiff filed the instant motion on March 17, 2005 alleging that Defendants failed to carry their burden to put forth summary judgment-type evidence regarding the likely value of Plaintiff's claims above $75,000.

## *DISCUSSION*

The Fifth Circuit Court of Appeals has recently outlined the burdens of a removing defendant with regard to establishing the requisite amount in controversy:

> We have established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1). *Luckett*, 171 F.3d at 298.  Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, 3 LA. CODE CIV. P. art. 893 n.1 (West Supp. 2000), the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id*.  The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount. *Id*. (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995)); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000).  The jurisdictional facts that support removal must be judged at the time of removal. *Id*. at 883.

Plaintiff seeks the following damages: "compensation for past, present and future pain and suffering, physical disability and loss of enjoyment of life; past, present, and future loss of income, loss of wages and loss of wage earning capacity; together with damages for mental anguish and mental suffering." Petition for Damages, ¶¶ IX-X, attached as Exhibit A to the Notice of Removal (Rec. Doc. No. 1). In addition, Plaintiff alleges that he sustained injuries to his back, neck, and head.

Defendant has responded to Plaintiff's Motion by listing several recent Louisiana state court cases in which the damages for automobile collisions in similar cases vastly exceeded $75,000. *See Courtney v. Williams*, 826 So. 2d 594 (La. App. 4th Cir. 2002), *Hoyt v. Grey Ins. Co.*, 809 So. 2d 1076 (La. App. 4th Cir. 2002); *Duroncelet v. McClendon*, 801 So. 2d 1169 (La. App. 4th Cir. 2001). There is nothing to distinguish the quantum findings in the latter cases to the instant record.

Defendants also filed several records related to Plaintiff's claims of injuries and/or lost earning capacity and lost income. *See* Rec. Doc. No. 11. These records indicate that Plaintiff has suffered unimproved lumbar back pain with a pain scale of 7 out of a total scale of 10. *See* Report of Dr. Norman D. Ott, III, M.D., dated June 24, 2004. Other reports indicate neck and back stiffness and pain. *See* Report of Dr. Norman D. Ott, III, M.D., dated January 24, 2004. Such records also include copies of prescription refills for various medications prescribed to Lewis by Dr. Ott. Copies of an MRI of the Lumbar Spine without contrast, prepared by T. Lamar Teaford, M.D. on May 11, 2004, list Plaintiff's back injuries as "Disc Deiccation and Posterior Central Disc prolapse, L4-L5," and "Transitional Vertebral Development, L5-S1 Level,

3

and Correlation Requested." Records from Dr. Ott dated August 2, 2004 reveal no improvement. Dr. Ott also recommends only light work duty assignments and possible neurosurgery. Other records assist with documenting the out-of-pocket medical expenses associated with Lewis's alleged back, neck, and head injuries. The Court finds that the submission of these medical records, combined with citation to several cases documenting the awards to plaintiffs with similar injury in Louisiana state courts satisfy the Defendants' burden of proof with regard to the jurisdictional amount in controversy. Each of the documents provided to the Court is relevant to the amount in controversy at the time of removal and each indicates by a preponderance of the evidence that the amount in controversy in this case is more likely than not met.

New Orleans, Louisiana, this the 25th day of July, 2005.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT COURT